UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                  :
                                                        :           Chapter 7
SIR JAMES LEROY ROBINSON, SR.,                          :           Case No. 12-11915 (SMB)
                                                        :
                        Debtor.                         :
------------------------------------------------------------------X

# MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A FURTHER EXTENSION OF TIME TO OBJECT TO DEBTOR'S DISCHARGE AND GRANTING DEBTOR'S MOTION TO ENTER A DISCHARGE ORDER

A P P E A R A N C E S:

**LAW OFFICES OF JAMES E. HURLEY, JR. PLLC**
Attorney for Debtor
75 Maiden Lane – Suite 323/324
New York, New York 10038

    James E. Hurley, Jr., Esq.
        Of Counsel


**STOCKSCHLAEDER, McDONALD & SULES, P.C.**
Attorneys for Ed Chua, Village Square at Warren, LLC
  and Overlook Development Company, Inc.
110 William Street, 25th Floor
New York, New York 10038

    John B. McDonald, Jr., Esq.
        Of Counsel


**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

      The debtor has moved for the entry of an order of discharge. The discharge order has been delayed because Ed Chua, Village Square at Warren, LLC and Overlook Development Company, Inc. (collectively, "Chua") moved for an extension of time to object to the debtor's discharge, and that motion is still technically pending. For the

reasons that follow, the debtor's motion to enter a discharge order is granted, and Chua's motion for a further extension of time to object to his discharge is denied.

## BACKGROUND

The debtor, an architect, commenced this chapter 7 case on May 7, 2012. The first date set for the meeting of creditors pursuant to Bankruptcy Code § 341(a) was June 18, 2012, and the deadline to object to the debtor's discharge was August 17, 2012. (*See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines*, dated May 15, 2012 (ECF Doc. #8).) On August 17, 2012, the Court approved a stipulation among the debtor, the chapter 7 trustee and Chua extending the time to commence an adversary proceeding to deny the debtor a discharge until October 17, 2012. (*Stipulation Extending Time for Filing Objections to Debtor's Discharge or the Dischargability [sic] of Specific Debt*, "so ordered" on Aug. 17, 2012 (ECF Doc. #23).)

On or about October 12, 2012, Chua moved for another sixty-day extension, or until December 17, 2012, to object to the debtor's discharge. (*See Application for an Order Pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure and Sections 523(c), and 727(c) of the Bankruptcy Code Extending the Deadline to Object to Debtor's Discharge*, filed Oct. 12, 2012 (the "Extension Motion") (ECF Doc. #25).) Chua had obtained a substantial default judgment against the debtor in New Jersey state court apparently predicated on professional malpractice. (*Id.* at 5 of 14.) Chua contended that the debtor was a partner with Johnny Chan in ten or more businesses, the debtor and Chan's businesses shared the same business address and phone number, and Chua also

2

implied that the debtor had earned significant income from his architectural practice. (*See Affidavit in Support of Application to Extend Deadline to File Objection to Discharge of Debtor,* sworn to October 10, 2012, ¶ 9, at 9 of 14 (ECF Doc. #25).) Chua sought the extension to allow counsel to conduct the deposition of the debtor to determine whether any assets existed to pay the claims of creditors and whether the debtor had committed any acts that would preclude the debtor from obtaining a discharge. (*See id.* ¶ 9, at 8 of 14.)

The hearing on the Extension Motion was scheduled for November 8, 2012, but was adjourned at the request of debtor's counsel, and rescheduled for December 13, 2012. The debtor's counsel failed to file opposition papers but appeared on the return date and argued in opposition to the motion. The Court resolved the motion, or thought it had, to the extent of allowing Chua to take the debtor's deposition by December 28, 2012. (*See Transcript of Hearing,* held on Dec. 13, 2012, at 13 (ECF Doc. # 40).) The Court did not, however, fix the deadline for objecting to the debtor's discharge. The Court directed Chua's attorney to submit a consent order, but if counsel could not agree on an order, to settle an order on notice. (*Id.* at 13-14.)

Chua's attorney never submitted or settled an order. Instead, he advised the Court by letter dated December 21, 2012, that the debtor's counsel would not agree to a proposed stipulation regarding the deposition, and requested an order directing the debtor to appear at his office on December 28, 2012, at 10:00 a.m. to be deposed. (*Letter*, dated Dec. 21, 2012 (ECF Doc. # 31).) The Court "so ordered" the letter the same day,

3

directing the debtor to appear for a deposition at the specified time and place. ("*So Ordered" Memorandum Endorsed Letter*, signed on December 21, 2012 (ECF Doc. #32).) Based upon pleadings and documents submitted in connection with the debtor's current motion, it appears that his deposition went forward on December 28, 2012, and was completed without any problems – none have been brought to the Court's attention.

After taking the debtor's deposition, Chua did nothing further for four months, until April 24, 2013. On or about that date, Chua served a deposition subpoena on Chan, and scheduled the examination for May 10, 2013. (*Affirmation in Opposition to Debtor's Motion for Entry of Order for Discharge*, dated June 27, 2013, at ¶ 5 & Ex. D (ECF Doc. #39).) The debtor's counsel objected to Chan's deposition on several grounds, and requested an adjournment to resolve his issues prior to motion practice. (*Id.* at Ex. F.) Chan, who was represented by separate counsel, advised Chua's attorney that he could not appear on May 10, and since then, Chua has been unsuccessful, despite several attempts, in rescheduling Chan's deposition. (*Id.* at ¶ 7 & Ex. G.)

On June 18, 2013, the debtor filed a motion for the entry of an order for discharge. (*Application for Entry of Order for Discharge Pursuant to 11 U.S.C. Sections 727(a)(b) [sic], and 105(a) of the Bankruptcy Code and Rule 4004(a)(c) [sic] of the Federal Rules of Bankruptcy Procedure*, dated June 15, 2013 (the "Discharge Motion") (ECF Doc. #37).) The debtor argued, among other things, that he had cooperated with Chua, the chapter 7 trustee had conducted an investigation and had not objected to the debtor's discharge,

4

Chua had acted in bad faith by filing the Extension Motion five days before the deadline, and there was no order extending Chua's time to object to discharge beyond October 17, 2012. Most of Chua's opposition focused on the need to take Chan's deposition and the efforts made since April 24, 2013 to do so. Chua also noted that there was a pending motion to extend the time to object to the debtor's discharge.

## DISCUSSION

Bankruptcy Rule 4004(a) provides that in a chapter 7 case an objection to the debtor's discharge must be filed no later than sixty days after the first date set for the meeting of creditors under Bankruptcy Code § 341(a). The Court may grant a motion by a party in interest to extend the time to object to the discharge for "cause." Fed. R. Bankr. P. 4004(b)(1). The Court must issue a discharge after the expiration of the time fixed to object to the discharge, unless, *inter alia*, "a motion to extend the time for filing a complaint objecting to discharge is pending." Fed. R. Bankr. P. 4004 (c)(1)(E).

Chua has failed to show cause for any further extension. "Cause" is not defined in Bankruptcy Rule 4004(b), and the determination is committed to the Court's discretion. *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994); *In re Nevius*, 269 B.R. 209, 211 (Bankr. N.D. Ind. 2001); *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995). "Cause" is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's "fresh start." *See Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 621 (S.D.N.Y. 1996); *accord In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999); *In re Grillo*, 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997). The factors that inform the

5

court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file an objection, (2) the complexity of the case, (3) whether the creditor exercised diligence, (4) whether the debtor refused in bad faith to cooperate with the creditor, and (5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues.  *In re Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013); *In re Bressler*, No. 06-11897, 2007 WL 98493, at *1 n. 1 (Bankr. S.D.N.Y. Jan. 12, 2007); *In re Nowinski*, 291 B.R. 302, 305-06 (Bankr. S.D.N.Y. 2003).

When the Extension Motion was first heard, Chua had not yet taken the debtor's deposition.  That fact combined with the absence of any written opposition to the motion induced the Court to exercise its discretion to grant Chua a short extension to examine the debtor.  Chua deposed the debtor on December 28, 2012, but did nothing further for four months.[1]  Although Chua now insists he needs more time to depose Chan, he is not entitled to it.  The Extension Motion was predicated on the need to take the debtor's deposition, not Chan's, even though Chua's affidavit submitted in support of the Extension Motion expressly referred to Chan and his connection to the debtor.  In short, Chua has shown a remarkable lack of diligence.

The other factors relevant to "cause" also weigh against granting any further extension.  This case is not complex, the debtor cooperated by submitting to the deposition that Chua said he needed, and there are no proceedings pending elsewhere that can or should be resolved before deciding whether the debtor is entitled to a

---

[1]    Chua failed to settle the order as directed, and this also supports the dismissal of the Extension Motion for failure to prosecute.  *See* Bankr. S.D.N.Y. R. 9074-1(a).

6

discharge. Finally, while is true that the Court did not expressly fix a new deadline when it heard the Extension Motion, Chua could not have reasonably believed that the deadline was open ended, and he could sit around as long as he liked after deposing the debtor. If he believed that the Extension Motion was still pending, he should have prosecuted it to a conclusion. Moreover, he has not argued that he delayed taking any action based on the belief that the pendency of the Extension Motion granted him an unlimited amount of time to object to the debtor's discharge. Such a result would reward Chua for his lack of diligence in prosecuting the Extension Motion.

Accordingly, the Extension Motion is denied and the Discharge Motion is granted. The Court has considered the parties' remaining arguments, and concludes that they lack merit. The debtor is directed to submit an order denying the Extension Motion, granting the Discharge Motion and directing the Clerk of the Court to enter the debtor's discharge.

So ordered.

Dated: New York, New York
       August 1, 2013

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge